UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MATUREN,

    Plaintiff,

v.                                                                                                    Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,                              Case No. 1:19-cv-910

    Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence and in accordance with the law, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

### Standard of Review

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Dept. of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## Procedural Posture

Plaintiff filed an application for SSI on September 27, 2016, alleging that he became disabled on August 12, 2012, due to anxiety disorder, paranoid personality disorder, obsessive compulsive disorder, multiple sclerosis, migraines, vision problems, joint pain, and depression.

(PageID.97–98, 175.) Plaintiff was age 21 at the time he filed his application. (PageID.38.) Plaintiff had a high school education and negligible work history. (PageID.198.) After Plaintiff's application was denied (PageID.110), he requested a hearing before an Administrative Law Judge (ALJ).

On June 14, 2018, ALJ Lawrence Blatnik conducted a hearing and received testimony from Plaintiff and Toni M. McFarland, an impartial vocational expert. (PageID.65–94.) On September 4, 2018, ALJ Blatnik issued a written decision finding that Plaintiff had not been disabled since the date the application was filed. (PageID.30–40.) The Appeals Council denied Plaintiff's request for review on September 9, 2019. (PageID.20–24.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on October 29, 2019.

**Analysis of the ALJ's Opinion**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff had not engaged in substantial gainful activity since he filed the application, the ALJ found that Plaintiff suffered from the following severe impairments: (1) multiple sclerosis; (2) depression and anxiety disorder; and (3) personality disorder. (PageID.32.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ considered listings 2.04, 11.09, 12.04, 12.06 and 12.08. (PageID.32–33.) As for the listings pertaining to mental impairments, the ALJ considered both the "paragraph B" and "paragraph C" criteria for these

---

capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

listings. To satisfy the "paragraph B" criteria, a claimant is required to prove one extreme limitation or two marked limitations in the following areas:

    1. Understanding, remembering, or applying information;

    2. Interacting with others;

    3. Concentrating, persisting, or maintaining pace;

    4. Adapting or managing oneself.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B), 12.08(B). To satisfy the "paragraph C" criteria, a claimant must show a mental disorder that is "serious and persistent," meaning that the claimant has a medically documented history of the disorder over a two-year period. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(C), 12.06(C). In addition, the claimant must show that there is evidence of medical treatment, mental health therapy, psychosocial support, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of the mental disorder, in addition to "marginal adjustment," meaning minimal capacity to adapt to changes in the environment or to demands that are not already part of the claimant's daily life. *Id.*

The ALJ determined that Plaintiff has mild limitations in the areas of understanding, remembering, or applying information; moderate limitations in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing himself. He also determined that the "paragraph C" criteria were not met. (ECF No. 7, PageID.33.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform a full range of work at all exertional levels, except that:

> He can never climb ladders or scaffolds; occasionally climb ramps or stairs; and frequently balance. He is limited to work that does not require a high degree of depth perception. He must avoid all exposure to unprotected heights and moving mechanical parts and is limited to occasional exposure to extreme heat. He can

5

perform simple, routine, repetitive work and work that requires only occasional, superficial interaction with supervisors, co-workers or the public.

(PageID.34.)

At step four, the ALJ determined that Plaintiff had no past relevant work experience. (PageID.38.) At the fifth step, based on testimony from the vocational expert, the ALJ determined that a person of Plaintiff's age, education, work experience, and RFC could perform the jobs of kitchen helper, laundry worker, and cook helper, 266,000 of which exist in the national economy. (PageID.39.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

Plaintiff raises two issues in his appeal: (1) whether the Court should remand the matter to the ALJ to consider new evidence; and (2) whether the ALJ's decision is supported by substantial evidence.

### I. Plaintiff Is not Entitled to a Sentence Six Remand

On November 21, 2018, more than two months after the ALJ issued his decision, Douglas Bentley, Ed.D., conducted a psychological evaluation of Plaintiff. (PageID.55–57.) Plaintiff submitted this report to the Appeals Council, which declined to remand the case to the ALJ because it did not relate to the period at issue, that is, the date ending with the ALJ's decision. The Appeals Council informed Plaintiff, however, that the Commissioner would consider the report if Plaintiff filed a new application for benefits and that his request for review date would be considered as the filing date for that claim. (PageID.21.) Plaintiff argues that Dr. Bentley's report meets the requirements for a remand under sentence six of 42 U.S.C. § 405(g).

The law is clear that this Court cannot consider evidence that was not presented to the ALJ. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). Under sentence six, "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). Thus, if Plaintiff can demonstrate that this evidence is new and material and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings in which this new evidence can be considered. *Cline*, 96 F.3d at 148. Plaintiff bears the burden of making this showing. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006).

"A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass*, 499 F.3d at 513. "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x. 713, 725 (6th Cir. 2012). In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

Plaintiff has not met his burden of showing that the evidence meets the requirements for a remand. While the evidence is new, Plaintiff has not demonstrated good cause for failing to acquire and present Dr. Bentley's report prior to the ALJ's decision. Plaintiff does not even attempt to explain what obstacle, if any, prevented him from obtaining an evaluation by Dr. Bentley prior to the ALJ's decision. A claimant's failure to obtain otherwise-available medical evidence before the hearing does not constitute the "good cause" under 42 U.S.C. § 405(g). *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) (finding that the claimant did not have good cause for failing to obtain additional medical tests in advance of his administrative hearing before the ALJ); *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (explaining that the good cause requirement would be meaningless if every time a claimant lost before the agency he was free to seek out a new expert witness who might better support his position).

Finally, Plaintiff fails to show that Dr. Bentley's report is material. As the Commissioner notes, Dr. Bentley is a one-time examiner who did not have a longitudinal history treating Plaintiff. His opinion is therefore of limited value as it pertains to the period of time the ALJ considered. Moreover, there is no reasonable probability that the evidence would change the outcome of the ALJ's decision. In determining Plaintiff's RFC and in explaining why he gave limited weight to the mental assessment prepared by Carol Haller, MSW, the ALJ cited Plaintiff's treatment notes, which indicated that while Plaintiff was limited in certain areas of mental functioning, his limitations were not work preclusive. For example, the ALJ noted that in July 2016, around the time of Plaintiff's application, Plaintiff indicated that he quit his job to go back to school, rather then due to mental symptoms, and that Plaintiff demonstrated normal speech and thought processes. Although Plaintiff had an anxious mood, he had normal

orientation, knowledge, memory, concentration, and language. Plaintiff declined medication changes because he was "coping fairly well with how he is doing now." (PageID.36, 330–31.) The ALJ further noted in November 2016, Plaintiff remained stable on his current medications, his mental status examination was normal, and the clinician recommended that Plaintiff increase his activity. (PageID.36, 317–18.) The ALJ also cited Plaintiff's medication review notes from November 2017, indicating that Plaintiff was doing well, was eating and sleeping well and that his mood was good. Plaintiff displayed fair insight, judgment, and impulse control. The provider noted that Plaintiff was at his baseline level of functioning and treatment options were therapy and continued use of Effexor. (PageID.36, 465–67.) The ALJ's reliance on Plaintiff's treatment notes renders it unlikely that the new opinion would change the result.

Accordingly, this argument is rejected.

## II. The ALJ's Decision is Supported by Substantial Evidence

Plaintiff asserts broadly that the ALJ's decision was not supported by substantial evidence, but he focuses, in particular, on the ALJ's decision to give significant weight to the opinions of State Agency consultants Larry Jackson, M.D., and Mira Krishnan, Ph.D. The basis of Plaintiff's argument is not clear, but he seems to take issue with the fact that the reviewers did not examine all of the records, as they only had the benefit of records through December 2016 and January 2017 when they made their assessments. (ECF No. 13 at PageID.520–21.) As the Commissioner notes, however, that is almost always the case, as State Agency reviewers review the record as part of a claimant's initial application for benefits. Regardless, the ALJ noted that the reviewers "had the opportunity to review the record as it existed at the time and their findings are largely consistent with the evidence of record." (PageID.38.) Thus, the ALJ was well aware that Drs. Jackson and Krishnan did not have the full benefit of the *entire* record through the date of decision, but he nonetheless found that their findings were consistent with all of the evidence,

much of which the ALJ discussed in his decision. In any event, the ALJ's consideration of those opinions was proper because he considered the additional evidence generated after the State Agency reviewers gave their opinions. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) (concluding that the ALJ properly considered the state agency physicians' opinions because he considered the medical examinations that occurred after their assessments, as well as any relevant changes that were reported).

Plaintiff also contends that the ALJ ignored the opinion of Carol Haller, LMSW, but this assertion is incorrect, as the ALJ devoted an entire paragraph to her opinions, explaining why he gave them limited weight. (PageID.38.) Moreover, to the extent Plaintiff argues that the ALJ did not give "good reasons" for discounting Ms. Haller's opinions, the argument lacks merit as a social worker is an "other source," not "an acceptable medical source." *See Clark ex rel. S.R.C. v. Comm'r of Soc. Sec.*, No. 5:12CV1745, 2013 WL 3007154, at *9 (N.D. Ohio June 11, 2013) ("An ALJ is not required to set forth good reasons for rejecting the opinion of a social worker."); *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485, at *7 (W.D. Mich. June 14, 2011), *report and recommendation adopted*, 2011 WL 4528479 (W.D. Mich. Sept. 29, 2011) ("Because Ms. Duff was neither an acceptable medical source nor a treating source under the regulations, the ALJ was not required to articulate "good reasons" for the weight assigned to her opinion . . . .").

Finally, Plaintiff cites evidence that he contends was not considered and would have supported his claim. Contrary to Plaintiff's assertion, the ALJ did consider the evidence in his decision. (PageID.35.) Moreover, it is well established that an ALJ is not required to discuss all every piece of evidence in the record. *See Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("Although required to develop the record fully and fairly, an ALJ is not required to

discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." (internal quotation marks omitted)). In any event, the ALJ's decision shows that he properly considered the medical record in rendering his decision.

Accordingly, this argument is rejected.

## Conclusion

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

An order consistent with this opinion will enter.

Dated: March 1, 2021  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge